THE HONORABLE BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| AMRISH RAJAGOPALAN, MARIE JOHNSON-PEREDO, ROBERT HEWSON, DONTE CHEEKS, DEBORAH HORTON, RICHARD PIERCE, ERMA SUE CLYATT, ROBERT JOYCE, AMY JOYCE, ARTHUR FULLER, DAWN MEADE, WAHAB EKUNSUMI, KAREN HEA, ALEX CASIANO, DECEMBER GUZZO, BEN PARKER, CHERYL ANDERSON, CARMEN ALFONSO, BETH JUNGEN, TANYA GWATHNEY, KEVIN DELOACH, SCOTT SNOEK, KELLY ENDERS, THOMAS LUDWICK, DONALD BOGAN, BILL KRUSE, JOYCE DRUMMOND, TAMARA COOPER, DEBRA MILLER, GEORGE LAWRENCE, CYNTHIA OXENDINE, MARTIN ANDERSON, ANGELA ROSS, ANDREA TOPPS, DEBRA FINAZZO, SHARRON BLACK, SYLVIA HADCOCK, AUDRIE LAWRENCE (POOLE), ADAM WARD, ISHULA MCCONNELL, ERICA CHASE, STEPHEN YOUNKINS, DAN WEDDLE, STILLMAN PARKER, TINA ROBERTS-ASHBY, BRANDON ASHBY, VALERIE NEWSOME, and RUSSEL TANNER, on behalf of themselves and others similarly situated,<br><br>       Plaintiffs,<br><br> v.<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND and PLATTE RIVER INSURANCE COMPANY, as Sureties for Meracord LLC,<br><br>       Defendants. | No. 3:16-cv-05147-BHS<br><br>ORDER GRANTING JOINT MOTION BY SETTLEMENT CLASS REPRESENTATIVES AND DEFENDANT PLATTE RIVER INSURANCE COMPANY FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

[PROPOSED] ORDER GRANTING MOT. FOR PRELIM. APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. 3:16-cv-05147-BHS

1   This matter comes before the Court on the Joint Motion by Settlement Class Representatives[1] and Defendant Platte River Insurance Company ("Platte River") for Preliminary Approval of Class Action Settlement, filed April 7, 2016 ("Preliminary Approval Motion"). Settlement Class Representatives and Platte River entered into a Class Action Settlement Agreement and Release, dated March 23, 2016 ("the Settlement Agreement" or "the Settlement"), to settle the above-captioned lawsuit, as well as the action captioned *Cheeks v. Fidelity and Deposit Company of Maryland and Platte River Ins. Co., as sureties for Meracord LLC*, No. 4:13-cv-01854-DMR (N.D. Cal. Filed April 23, 2013) (together, the "Lawsuits"). The Settlement Agreement sets forth the terms and conditions for a proposed Settlement and dismissal with prejudice of Platte River from the Lawsuits.

The Court has carefully considered the Preliminary Approval Motion, and the associated Declarations, the Settlement Agreement, the arguments of counsel, and the record in this case, and is otherwise advised in the premises. The Court hereby gives its preliminary approval to the Settlement; finds that the Settlement is sufficiently fair, reasonable, and adequate to allow dissemination of notice of the Settlement to the Settlement Class and to hold a Fairness Hearing; orders that Class Notice be sent to the Settlement Class in accordance with the Settlement Agreement and this Order; and schedules a Fairness Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED AND ADJUDGED:

1. The Settlement Agreement is hereby incorporated by reference in this Order, and all terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement.

---

[1] Ben Parker (Alaska), December Guzzo (Alabama), Deborah Horton (Arkansas), Donte Cheeks (District of Columbia), Tanya Gwathney (Delaware), Bob Joyce (Florida), Amy Joyce (Florida), Erma Sue Clyatt (Florida), Scott Snoek (Hawaii), Bill Kruse (Iowa), Kelly Enders (Indiana), Tom Ludwick (Illinois), Joyce Drummond (Kansas), Tamara Cooper (Kentucky), Debra Miller (Louisiana), George Lawrence (Maine), Martin Anderson (Minnesota), Angela Ross (Mississippi), Amrish Rajagopalan (North Carolina), Adam Ward (North Dakota), Debra Finazzo (Nebraska), Sharron Black (Nevada), Ishula McConnell (Oklahoma), Stephen Younkins (South Dakota), Tina & Brandon Ashby (Virginia), Stillman Parker (Vermont), Valerie Newsome (West Virginia), and Russel Tanner (Wyoming) are collectively referred to as "Settlement Class Representatives."

ORDER GRANTING MOT. FOR PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT - 1
Case No. 3:16-cv-05147-BHS

2. This Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve the Settlement Agreement.

3. The Court preliminarily approves the Settlement Agreement and finds that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class.

4. The Court preliminarily certifies for settlement purposes only the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3):
> all persons who had an account at Meracord from which Meracord deducted any fees related to debt settlement services (including mortgage assistance relief services) and who, while residing in a Platte River State, made payments to such account within the Bond Period[2] of their state of residence.

Excluded from Settlement Class are the Released Parties and Fidelity, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any Released Parties or Fidelity has or had a controlling interest.

5. The Released Parties shall retain all rights to assert that the Lawsuits may not be certified as a class action except for settlement purposes.

6. The Court finds, for purposes of preliminary approval and for settlement purposes only, that (a) Members of the Settlement Class are so numerous as to make joinder of all Settlement Class Members impracticable; (b) there are questions of law or fact common to Members of the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members; (d) Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

---

[2] The Bond Periods are those listed in Appendix A to the Settlement Agreement.

ORDER GRANTING MOT. FOR PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT - 2
Case No. 3:16-cv-05147-BHS

1      7.    The Court appoints the Settlement Class Representatives as representatives of the Settlement Class.

    8.    The Court appoints Hagens Berman Sobol Shapiro LLP and The Paynter Law Firm PLLC as Class Counsel.

    9.    The Court appoints Garden City Group, LLC ("GCG") as the Administrator, which shall administer the Settlement in accordance with the terms and conditions of this Order and the Settlement Agreement.

    10.    <u>Class Notice</u>. The Court approves the proposed notice plan. Class Counsel, using their database expert and working with the Administrator, will attempt in good faith to identify Settlement Class Members' last known mailing addresses and valid email addresses, primarily by reference to the Meracord Database. Class Counsel, by and through the Administrator, will provide Class Notice by (i) First-Class Mail (where available) notice substantially similar to the form attached as Exhibit 2 to the Agreement ("Summary Notice"); (ii) email notice substantially similar to the Summary Notice; and (iii) a content-neutral settlement website that will contain notice substantially similar to the form attached as Exhibit 3 to the Agreement ("Long-Form Notice"), as well as further information about the Settlement, including access to the pleadings ("Settlement Website").

    11.    Class Counsel and the Administrator shall use their best efforts to complete the Class Notice process by the **Mailed Notice Date** listed in Paragraph 26 of this Order.

    12.    The Court finds that the procedures outlined in the Settlement Agreement for identifying potential Settlement Class Members and providing notice to them constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses for potential Settlement Class Members such that no additional efforts to do so shall be required.

    13.    The Court finds that the Class Notice plan, including the form, content, and method of dissemination of the Class Notice to Settlement Class Members as described in the Settlement Agreement, (i) is the best practicable notice; (ii) is reasonably calculated, under the

ORDER GRANTING MOT. FOR PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT - 3
Case No. 3:16-cv-05147-BHS

circumstances, to apprise Settlement Class Members of the pendency of the Lawsuits and of their right to object to and/or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) meets all applicable requirements of Federal Rule of Civil Procedure 23 and due process.

14. <u>Exclusions/Objections</u>. The Court approves the procedures set forth in the Settlement Agreement and the Long-Form Notice for exclusions from and objections to the Settlement.

15. Any Settlement Class Member who wishes to be excluded from the Settlement Class must comply with the terms set forth in the Settlement Agreement and the Long-Form Notice. Settlement Class Members who wish to exclude themselves from ("opt out of") the Settlement must serve on the Administrator a written request for exclusion ("Exclusion Request") by the **Exclusion/Objection Deadline** listed in Paragraph 26 of this Order, as provided in the Long-Form Notice. Class Counsel shall submit the name, city, and state of residence of all Settlement Class Members who submit Exclusion Requests to the Court at the time Class Counsel file their motion for final approval of the Settlement.

16. All Settlement Class Members will be bound by the Judgment dismissing the Lawsuits with prejudice unless such Settlement Class Members timely file a valid Exclusion Request. Any Settlement Class Member who submits a timely Exclusion Request shall be deemed to have waived any rights or benefits under the Settlement Agreement. Regardless of whether a Settlement Class Member has submitted an Exclusion Request, a Settlement Class Member may submit an Objection.

17. The Court preliminarily enjoins all Settlement Class Members, unless and until they submit a timely Exclusion Request pursuant to the Settlement Agreement, (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; and (ii) from filing, commencing, or prosecuting a

lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members, based on the Released Claims.

18. Settlement Class Members who wish to object to any aspect of the Settlement must file with the Court a written statement containing their objection ("Objection") by the **Exclusion/Objection Deadline** listed in Paragraph 26 of this Order, as provided in the Class Notice. Any Settlement Class Member who does not make his or her objection in the manner provided in the Class Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in this Settlement Agreement, to the Plan of Allocation, and/or to the award of attorneys' fees and expenses to Class Counsel. At their sole discretion, Class Counsel shall be permitted to depose any Objector within 30 days of the filing of the objection. Such deposition shall occur within a reasonable distance of Objector's residence and shall be limited to three hours.

19. Any attorney hired by, representing, or assisting (including, but not limited to, by drafting or preparing papers for a Settlement Class Member) a Settlement Class Member or governmental entity for the purpose of objecting to any term or aspect of the Settlement Agreement or to the proposed Settlement or intervening in the Lawsuits shall mail to the Administrator and file with the Clerk of the Court a notice of appearance no later than the **Exclusion/Objection Deadline** listed in Paragraph 26 of this Order.

20. The Court directs the Administrator promptly to furnish Class Counsel and Counsel for Platte River copies of any and all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement).

21. The Court orders that the certification of the Settlement Class and preliminary approval of the proposed Settlement are undertaken on the condition that they shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by the Court, or any appellate court and/or other court of review, or if any of the Parties invokes the right to withdraw from the Settlement as provided in Paragraphs 25, 29, or 36 of the Settlement Agreement, in

which event the Settlement Agreement, the Settlement, the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts performed, or documents executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered or received in evidence, or otherwise used by any party or witness for any purpose whatsoever, in any trial of these Lawsuits or any other action or proceedings, nor shall they be deemed to constitute any evidence or admission of liability or wrongdoing on the part of Settling Defendant or the other Releasees, which is expressly and unequivocally denied by Settling Defendant.

22. By the **Notice & Administration Funding Deadline** listed in Paragraph 26 of this Order, Platte River shall pay into the Escrow Account, for the benefit of the Settlement Class, $200,000 for the Notice and Administration Fund. The Escrow Account shall be governed by the terms of the Settlement Agreement and the Escrow Agreement to be negotiated by the Parties.

23. The Court stays all proceedings against Platte River in the Lawsuits until further order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the proposed Settlement or to effectuate its terms.

24. Class Counsel shall file a petition for fees, expenses, and incentive awards by the **Fee Petition Deadline** listed in Paragraph 26 of this Order. Class Counsel shall file reply briefs and any other supplemental final approval papers by the **Fee Petition Reply Deadline** listed in Paragraph 26 of this Order.

25. The **Fairness Hearing** shall be held at the date and time listed in Paragraph 26 of this Order, for the purpose of determining (a) whether the Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (b) the merit of any objections to the Settlement; (c) the requested Fee and Expense Award to Class Counsel; (d) the requested Incentive Awards to the Settlement Class Representatives; and (e) entry of the District Court Approval Order and Judgment approving the Settlement.

26. The Court directs that the following deadlines are established by this Order. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class:

- a. **Mailed Notice Date**: 6/1/2016
  (within 30 days following entry of this Order)

- b. **Exclusion/Objection Deadline**: 7/15/2016
  (within 45 days following the Mailed Notice Date)

- c. **Notice & Administration Funding Deadline**: 5/16/2016
  (within 14 days following entry of this Order)

- d. **Fee Petition Deadline**: 6/24/2016
  (by 21 days before the Exclusion/Objection Deadline)

- e. **Fee Petition Reply Deadline**: 8/16/2016
  (by 14 days prior to the Fairness Hearing)

- f. **Fairness Hearing**: 10:00 a.m. on 8/30/2016
  (at least 120 days following entry of this Order)

IT IS SO ORDERED.

Dated: May 3, 2016

BENJAMIN H. SETTLE
United States District Judge

ORDER GRANTING MOT. FOR PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT - 7
Case No. 3:16-cv-05147-BHS

Presented By:

| | |
|---|---|
| HAGENS BERMAN SOBOL SHAPIRO LLP | TROUTMAN SANDERS LLP |
| By: s/ Thomas E. Loeser | By: s/ Jonathan A. Constine |
| THOMAS E. LOESER | JONATHAN A. CONSTINE |
| Steve W. Berman | Jonathan A. Constine (DC No. 416887) |
| 1918 Eighth Avenue, Suite 3300 | 401 – 9th Street, N.W., Suite 1000 |
| Seattle, WA 98101 | Washington, D.C. 20004-2134 |
| Telephone: (206) 623-7292 | Tel: 202.274.2891 |
| Facsimile: (206) 623-0594 | Fax: 202.274.2891 |
| steve@hbsslaw.com | Jonathan.Constine@troutmansanders.com |
| toml@hbsslaw.com | |
| | |
| THE PAYNTER LAW FIRM PLLC | |
| Stuart M. Paynter (pro hac vice) | WILSON SMITH COCHRAN DICKERSON |
| 1200 G Street N.W., Suite 800 | Scott M. Stickney |
| Washington, DC 20005 | John D. Wilson, Jr. WSBA No. 4828 |
| Telephone: (202) 626-4486 | Scott M. Stickney, WSBA No. 14540 |
| Facsimile: (866) 734-0622 | 901 Fifth Avenue, Suite 1700 |
| stuart@paynterlawfirm.com | Seattle, WA 98164-2050 |
| | Tel: 206.623.4100 |
| Celeste H.G. Boyd (pro hac vice) | Fax: 206.623.9273 |
| 106 Churton St., Suite 200 | wilson@wscd.com |
| Hillsborough, NC 27278 | Stickney@wscd.com |
| Telephone: (919) 307-9991 | |
| Facsimile: (866) 734-0622 | *Attorneys for Defendant* |
| cboyd@paynterlawfirm.com | *Platte River Insurance Company* |

*Attorneys for Settlement Class*