HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMRISH RAJAGOPALAN, MARIE
JOHNSON-PEREDO, ROBERT HEWSON,
DONTE CHEEKS, DEBORAH HORTON,
RICHARD PIERCE, ERMA SUE CLYATT,
ROBERT JOYCE, AMY JOYCE, ARTHUR
FULLER, DAWN MEADE, WAHAB
EKUNSUMI, KAREN HEA, ALEX
CASIANO, DECEMBER GUZZO, BEN
PARKER, CHERYL ANDERSON, CARMEN
ALFONSO, BETH JUNGEN, TANYA
GWATHNEY, KEVIN DELOACH, SCOTT
SNOEK, KELLY ENDERS, THOMAS
LUDWICK, DONALD BOGAN, BILL
KRUSE, JOYCE DRUMMOND, TAMARA
COOPER, DEBRA MILLER, GEORGE
LAWRENCE, CYNTHIA OXENDINE,
MARTIN ANDERSON, ANGELA ROSS,
ANDREA TOPPS, DEBRA FINAZZO,
SHARRON BLACK, SYLVIA HADCOCK,
AUDRIE LAWRENCE (POOLE), ADAM
WARD, ISHULA MCCONNELL, ERICA
CHASE, STEPHEN YOUNKINS, DAN
WEDDLE, STILLMAN PARKER, TINA
ROBERTS-ASHBY, BRANDON ASHBY,
VALERIE NEWSOME, AND RUSSEL
TANNER, on behalf of themselves and others
similarly situated.

                Plaintiffs,

    v.

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND and PLATTE RIVER
INSURANCE COMPANY, as Sureties for
Meracord LLC,

                Defendants.

No. 3:16-cv-05147-BHS

**SETTLEMENT CLASS
REPRESENTATIVES' MOTION FOR
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT**

**NOTED ON MOTION CALENDAR:
AUGUST 30, 2016**



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................... 1

II.   FACTUAL BACKGROUND ................................................................................... 2

    A.   The Meracord Actions ................................................................................ 2

    B.   The Sureties Actions ................................................................................... 2

    C.   Settlement Negotiations ............................................................................. 3

III.  THE TERMS OF THE SETTLEMENT .................................................................. 4

    A.   The Settlement Fund .................................................................................. 4

    B.   The Proposed Class .................................................................................... 4

    C.   The Proposed Release ................................................................................ 4

    D.   Preliminary Approval of the Settlement ................................................... 5

    E.   The Notice Campaign ................................................................................. 6

IV.   THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE. ................ 8

    A.   Standard of Review .................................................................................... 8

    B.   The Settlement Is Fair, Reasonable, and Adequate ................................... 9

        1.   The Strength of Plaintiffs' Case and the Risk of Continued
            Litigation Supports Final Approval ............................................... 9

        2.   There Is Potential Risk in Maintaining Class Action Status
            Through Trial. ............................................................................... 10

        3.   The Relief Provided to the Class in the Settlement Is Substantial,
            Especially in Light of the Limited Nature of the Bond Funds. .... 10

        4.   The Extent of Discovery and the Stage of the Proceedings. ......... 11

        5.   The Recommendations of Experienced Counsel Favor Approval
            of the Settlement ........................................................................... 11

        6.   The Reaction of the Class to the Proposed Settlement. ................ 12

V.    THE SETTLEMENT IS THE NON-COLLUSIVE PRODUCT OF
    EXTENSIVE ARM'S LENGTH NEGOTIATIONS. ......................................... 12

VI.   FOR PURPOSES OF SETTLEMENT ONLY, THE SETTLEMENT CLASS

HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

MEETS THE REQUIREMENTS OF RULE 23 .............................................................. 14

    A.    The Settlement Class Satisfies Rule 23(a). ............................................. 14

          1.    The Settlement Class Is So Numerous that Joinder Is Impracticable. .................................................................................... 14

          2.    Numerous Common Issues of Law and Fact Exist. ....................... 15

          3.    The Settlement Class Representatives' Claims Are Typical of Those of Other Settlement Class Members. .................................. 16

          4.    The Settlement Class Representatives and Their Counsel Adequately Represent the Interests of the Settlement Class. ....... 17

    B.    The Settlement Class Satisfies the Requirements of Rule 23(b)(3). ........ 17

          1.    Common Questions of Law and Fact Predominate over Individual Questions. ..................................................................... 18

          2.    A Class Action Is Superior to Other Available Methods. .............. 19

    C.    Notice to the Settlement Class Was Adequate and Satisfied Due Process. ............. 20

VII.  THE SOLE OBJECTION TO THE SETTLEMENT MISUNDERSTOOD THE NATURE OF THE SETTLEMENT ....................................................................... 21

VIII. CONCLUSION ..................................................................................................... 22



# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abdullah v. U.S. Sec. Assocs., Inc.,*
731 F.3d 952 (9th Cir. 2013) ............................................................................... 15, 18

*Amchem Prods. v. Windsor,*
521 U.S. 591 (1997) .............................................................................................. 14, 19

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds,*
133 S. Ct. 1184 (2013) ............................................................................................... 18

*In re Bluetooth Headset Prods. Liab. Litig.,*
654 F.3d 935 (9th Cir. 2011) ............................................................................... 12, 13

*Boyd v. Bechtel Corp.,*
485 F. Supp. 610 (N.D. Cal. 1979) ............................................................................. 9

*Brown v. Consumer Law Assocs., LLC,*
283 F.R.D. 602 (E.D. Wash. 2012) ........................................................................... 15

*Churchill Vill. v. GE,*
361 F.3d 566 (9th Cir. 2004) ...................................................................................... 8

*Costelo v. Chertoff,*
258 F.R.D. 600 (C.D. Cal. 2009) .............................................................................. 16

*Detroit v. Grinnell Corp.,*
495 F.2d 448 (2d Cir. 1974) ................................................................................... 9, 12

*Dryer v. Nat'l Football League,*
2013 WL 1408351 (D. Minn. Apr. 18, 2013) .......................................................... 10

*Ellis v. Costco Wholesale Corp.,*
657 F.3d 970 (9th Cir. 2011) ............................................................................... 16, 17

*Ellis v. Naval Air Rework Facility,*
87 F.R.D. 15 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) ................. 9, 12

*In re First Am. Corp. ERISA Litig.,*
258 F.R.D. 610 (C.D. Cal. 2009) .............................................................................. 14

*Galvan. Inc. v. KDI Distrib.,*
2011 U.S. Dist. LEXIS 127602 (C.D. Cal. Oct. 25, 2011) ................................ 14, 15, 16, 17

*Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998) ................................................................ 8, 14, 15, 18



*Hartless v. Clorox Co.*,
   273 F.R.D. 630 (S.D. Cal. 2011), *aff'd in part*, 473 F. App'x 716 (9th Cir.
   2012) ........................................................................................................... 12

*Hartman v. United Bank Card Inc.*,
   2012 WL 4758052 (W.D. Wash. Oct. 4, 2012) ........................................... 15

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
   2014 WL 6473044 (S.D. Cal. Nov. 18, 2014) ............................................. 20

*Z.D. ex rel. J.D. v. Grp. Health Co-op.*,
   2012 WL 1977962 (W.D. Wash. June 1, 2012) ........................................... 15

*Keegan v. Am. Honda Motor Co.*,
   284 F.R.D. 504 (C.D. Cal. 2012) ............................................................... 19

*Kirkorian v. Borelli*,
   695 F. Supp. 446 (N.D. Cal. 1988) ............................................................ 12

*Kirkpatrick v. Ironwood Commc'ns, Inc.*,
   2006 U.S. Dist. LEXIS 57713 (W.D. Wash. Aug. 16, 2006) ..................... 15

*Lerwill v. Inflight Motion Pictures, Inc.*,
   582 F.2d 507 (9th Cir. 1978) ...................................................................... 19

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
   244 F.3d 1152 (9th Cir. 2001) .................................................................... 18

*Mba v. World Airways, Inc.*,
   369 F. App'x 194 (2d Cir. 2010) .................................................................. 9

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ...................................................................... 11

*In re Mfrs. Life Ins. Co. Premium Litig.*,
   1998 U.S. Dist. LEXIS 23217 (S.D. Cal. Dec. 18, 1998) ......................... 12

*Milstein v. Huck*,
   600 F. Supp. 254 (E.D.N.Y 1984) .............................................................. 12

*Nat'l Rural Telecomm. Coop. v. DIRECT TV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) .......................................................... 11, 12

*Officers for Justice v. Civil Serv. Comm'n*,
   688 F.2d 615 (9th Cir. 1982) ........................................................................ 8

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2007) ...................................................... 11

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - iv
Case No. 3:16-cv-05147-BHS
010262-16  894388 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

*Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris, Inc.*,
   188 F.R.D. 365 (D. Or. 1998) .............................................................................................. 17

*Rinky Dink, Inc. v. World Bus. Lenders, LLC*,
   2016 WL 3087073 (W.D. Wash. May 31, 2016) .................................................................. 20

*Rivera v. Bio Engineered Supplements & Nutrition, Inc.*,
   2008 U.S. Dist. LEXIS 95083 (C.D. Cal. Nov. 13, 2008) .................................................... 15

*Rodriguez v. Carlson*,
   166 F.R.D. 465 (E.D. Wash. 1996) ....................................................................................... 15

*Rodriguez v. West Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ................................................................................................. 20

*Roshandel v. Chertoff*,
   554 F. Supp. 2d 1194 (W.D. Wash. 2008), *amended in part*, 2008 WL
   2275558 (W.D. Wash. June 3, 2008) ..................................................................................... 15

*Siber v. Mabon*,
   18 F.3d 1449 (9th Cir. 1994) ................................................................................................. 20

*Smith v. Univ. of Wash. Law Sch.*,
   2 F. Supp. 2d 1324 (W.D. Wash. 1998) ........................................................................... 14, 15

*In re Sugar Indus. Antitrust Litig.*,
   1976 WL 1374 (N.D. Cal. May 21, 1976) ............................................................................ 18

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) ..................................................................................................... 9

*Tyson Foods, Inc. v. Bouaphakeo*,
   136 S. Ct. 1036 (2016) .......................................................................................................... 18

*United States v. McInnes*,
   556 F.2d 436 (9th Cir. 1977) ................................................................................................... 9

*Util. Reform Project v. Bonneville Power Admin.*,
   869 F.2d 437 (9th Cir. 1989) ................................................................................................... 8

*Van Bronkhorst v. Safeco Corp.*,
   529 F.2d 943 (9th Cir. 1976) ................................................................................................ 8, 9

*Villegas v. J.P. Morgan Chase & Co.*,
   2012 WL 5878390 (N.D. Cal. Nov. 21, 2012) ..................................................................... 11

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011) .......................................................................................................... 18



*In re Warner Commc'ns Sec. Litig.*,
   618 F. Supp. 735 (S.D.N.Y. 1985).................................................................... 12

*Weinberger v. Kendrick*,
   698 F.2d 61 (2d Cir. 1982)............................................................................. 9

*Yokoyama v. Midland Nat'l Life Ins. Co.*,
   594 F.3d 1087 (9th Cir. 2010) ...................................................................... 18

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir.), *amended*, 273 F.3d 1266 (9th Cir. 2001) ...................................... 14

### OTHER AUTHORITIES

Federal Judiciary Committee, "Judges' Class Action Notice and Claims Process
   Checklist and Plain Language Guide" (2010) ...................................................... 20

Fed. R. Civ. P. 23(b)(3)..................................................................................... 17, 19

Fed. R. Civ. P. 23(c)(2)(B) .............................................................................. 20, 21

Herbert Newberg & Alba Conte, *Newberg on Class Actions*, § 11.41 (4th ed.
   2002) ................................................................................................... 13



## I.    INTRODUCTION

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Class Counsel[1] submit this motion on behalf of Settlement Class Representatives[2] ("Class Representatives"), seeking final approval of the $5.3 million settlement between Settlement Class Representatives and Defendant Platte River Insurance Company ("Platte River") ("Settlement"). The terms of the Settlement are set forth in the Settlement Agreement, filed with the Court on April 7, 2016 ("Settlement Agreement").[3]

After a successful nationwide notice campaign, only one Settlement Class member requested exclusion from the Settlement, and only one Settlement Class member objected to the Settlement. As explained below, the sole objection is based on a misunderstanding of the settlement and provides no basis for its rejection.[4]

This Settlement readily satisfies the standard for final approval. Its terms are fair, reasonable, and in the best interests of the Settlement Class. The Settlement was the result of extended, informed, arm's-length negotiations between counsel for the Settling Parties, comes after over five years of litigation on behalf of victims of Meracord and its "front debt relief companies" ("Front DRCs"). It represents nearly all of what Settlement Class Members would be entitled to if they had prevailed on their Bond claims against Meracord's surety, Platte River. The Settlement Class has waited a very long time for any compensation whatsoever for Meracord's wrongdoing, and the Settlement is a victory for that Class, especially considering the challenges of litigation when Meracord—whose actions triggered the Bond claims—is no longer

---

[1]  Unless otherwise distinguished, "Class Counsel" and "Counsel" refer to counsel for the Settlement Class Representatives, namely Hagens Berman Sobol Shapiro LLP and The Paynter Law Firm PLLC.

[2]  Ben Parker (Alaska), December Guzzo (Alabama), Deborah Horton (Arkansas), Donte Cheeks (District of Columbia), Tanya Gwathney (Delaware), Bob Joyce (Florida), Amy Joyce (Florida), Erma Sue Clyatt (Florida), Scott Snoek (Hawaii), Bill Kruse (Iowa), Kelly Enders (Idaho), Tom Ludwick (Illinois), Joyce Drummond (Kansas), Tamara Cooper (Kentucky), Debra Miller (Louisiana), George Lawrence (Maine), Martin Anderson (Minnesota), Angela Ross (Mississippi), Amrish Rajagopalan (North Carolina), Adam Ward (North Dakota), Debra Finazzo (Nebraska), Sharron Black (Nevada), Ishula McConnell (Oklahoma), Stephen Younkins (South Dakota), Tina & Brandon Ashby (Virginia), Stillman Parker (Vermont), Valerie Newsome (West Virginia), and Russel Tanner (Wyoming) are collectively referred to as "Settlement Class Representatives."

[3]  Dkt. 15-1.

[4]  There were no objections to Plaintiffs motion for attorneys' fees, expenses and service awards, and no response to Plaintiffs motion seeking fees, expenses and service awards. As a result, Plaintiffs will not submit a reply memorandum in support of the request for fees, expenses and service awards, and hereby submit such motion as unopposed.

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 1
Case No. 3:16-cv-05147-BHS
010262-16  894388 V1

1    in business. For these reasons, it is respectfully submitted that the Settlement satisfies the Rule

2    23 requirements that it be fair, reasonable, and adequate, and the Settlement should be approved

3    by the Court.

4                              **II.   FACTUAL BACKGROUND**

5    **A.   The Meracord Actions**

6                On July 26, 2011, Amrish Rajagopalan filed a class action lawsuit in the Western District

7    of Washington against NoteWorld, LLC, *Rajagopalan v. NoteWorld*, No. 3:11-cv-05574 (W.D.

8    Wash.), alleging that NoteWorld—which later changed its name to Meracord LLC

9    ("Meracord")—was a payment processor working with a network of "front-end" debt relief

10   companies ("Front DRCs") to defraud customers and charge hundreds of millions of dollars in

11   illegal fees.

12               The *Rajagopalan v. NoteWorld* action was subsequently consolidated with another

13   similar class action, *Canada v. Meracord*, No. 3:12-cv-05657 (W.D. Wash., Filed July 24, 2012),

14   and the consolidated action captioned *Rajagopalan, et al. v. Meracord LLC*, No. 3:12-cv-05657-

15   BHS ("*Meracord Action*").

16               On March 2, 2015, the Court issued a Final Judgment in the *Meracord Action*, certifying

17   a class of consumers ("the Meracord Class") and awarding that class $1.45 billion in damages.

18   *Meracord Action* Dkt. 287. Specifically, this Court certified a class consisting of

19                      all persons in a Surety State who established an account with
20                      Meracord LLC (formerly NoteWorld) or any subsidiary
                        thereof from which Meracord processed any payments related to debt
21                      settlement, including MARS, within the Bond Period of their state
                        of residence.

22   **B.   The Sureties Actions**

23               Platte River issued surety bonds for Meracord pursuant to money transmitter or escrow

24   statutes of the following states: Alaska, Alabama, Arkansas, Washington, D.C., Delaware,

25   Florida, Hawaii, Iowa, Idaho, Illinois, Kansas, Kentucky, Louisiana, Maine, Minnesota,

26   Mississippi, North Carolina, North Dakota, Nebraska, Nevada, Oklahoma, South Dakota,

27   Virginia, Vermont, West Virginia, and Wyoming (collectively, "the Platte River States").

28

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 2
Case No. 3:16-cv-05147-BHS
010262-16  894388 V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

On April 23, 2013, Donte Cheeks brought an action in the Northern District of California, *Cheeks v. Fidelity and Deposit Company of Maryland and Platte River Ins. Co., as sureties for Meracord LLC*, No. 4:13-cv-01854-DMR (N.D. Cal. Filed April 23, 2013), which is currently stayed.

On June 15, 2015, the Meracord Class brought an action against the Sureties, alleging generally that the Sureties were liable to the Meracord Class for the full amount of the surety bonds issued by them on Meracord's behalf (the "Bonds"), and for additional sums under statutory and common law bad faith. *Rajagopalan, et al., on behalf of the Class Certified in Rajagopalan, et al. v. Meracord LLC, v. Fidelity and Deposit Company of Maryland and Platte River Insurance Company, as Sureties for Meracord LLC*, No. 2:15-cv-00957-BHS (W.D. Wash.) ("*Surety I*").

On March 25, 2016, the Plaintiffs in *Surety I* voluntarily dismissed their complaint. On February 24, 2016, the Settlement Class Representatives, along with other plaintiffs representing non-Platte River States, filed the above-captioned action against the Sureties, alleging generally that the Sureties are liable to a putative class substantially identical to the Meracord Class for the full amount of the Bonds, and for additional statutory and common law bad faith. *Rajagopalan, et al. v. Fidelity and Deposit Company of Maryland and Platte River Insurance Companies, as Sureties for Meracord LLC*, No. 3:16-cv-05147-BHS (W.D. Wash.) ("*Surety II*").

**C.   Settlement Negotiations**

Settlement discussions with both Sureties were first held in October 2013, in conjunction with mediation scheduled in the *Meracord Action*. At the time, both Sureties were represented by the same counsel. The mediation did not result in a settlement.

In June 2015, Platte River retained separate counsel, and beginning in August 2015, Class Counsel and Platte River engaged in extensive, arm's-length negotiations involving in-person, telephonic, and electronic discussions, before agreeing to the terms of the Settlement. Fidelity was not a party to those negotiations, nor is it a party to the Settlement Agreement, nor is it an



1  intended third-party beneficiary of the Settlement, and nothing in the Settlement Agreement is to

2  be construed as waiving any right, cause of action, or claim against Fidelity.[5]

### III.   THE TERMS OF THE SETTLEMENT

**A.   The Settlement Fund**

The Agreement provides that Platte River will pay the Settled Bond Amount (listed in Appendix A to the Settlement Agreement) for each Bond.[6] The total amount of the Settlement Fund, which is $5,293,454.00, is made in exchange for a complete release of all claims against Platte River.[7] The total Settlement Fund is an "all in" number which includes, without limitation, all monetary benefits to the Settlement Class, service awards for Settlement Class Representatives, attorneys' fees, and all administration costs and expenses, notice costs and expenses, and settlement costs and expenses.[8]

**B.   The Proposed Class**

The Agreement defines the Settlement Class as follows:

> all persons who had an account at Meracord from which Meracord deducted any fees related to debt settlement services (including mortgage assistance relief services) and who, while residing in a Platte River State, made payments to such account within the Bond Period[9] of their state of residence.[10]

Excluded from Settlement Class are the Released Parties and Fidelity, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any Released Parties or Fidelity has or had a controlling interest.[11]

**C.   The Proposed Release**

---

[5]  Dkt. 15-1 at 1.
[6]  Dkt. 15-1 ¶ 7-8.
[7]  Dkt. 15-1 ¶ 8.
[8]  Dkt. 15-1 ¶ 7.
[9]  The Bond Periods are those listed in Appendix A to the Settlement Agreement. Dkt. 15-1.
[10]  Dkt. 15-1 ¶ jj.
[11]  *Id.*

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 4
Case No. 3:16-cv-05147-BHS
010262-16 894388 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

1    The Settlement releases Platte River and its affiliates from claims on behalf of the

2    Settlement Class arising from the facts underlying the Class's litigation against Meracord.

3    Specifically:

4    "Released Claims" means any and all rights, actions, causes of
     action, suits, debts, dues, accounts, contracts, agreements,

5    judgments, claims and demands in law or equity whatsoever that
     Settlement Class Representatives and the Settlement Class had,

6    now have, or that have accrued as of the date the Settlement
     Agreement's execution, whether asserted or not against Platte

7    River in the Lawsuits (including but not limited to any rights,
     actions, causes of action, suits, debts, judgments, claims and

8    demands arising out of any Bond) that arise out of or in any way
     relate to the underlying facts alleged in the Lawsuits.[12]

9    and

10   "Released Parties" or "Releasees" means Platte River and all of its
     present, former, and future officers, directors, employees, agents,

11   attorneys, insurers, insurance agents and brokers, independent
     contractors, successors, assigns, parents, subsidiaries, affiliates,

12   and/or shareholders.[13]

13   Importantly, the Settlement only releases claims against Platte River, specifically providing that

14   Fidelity and its affiliates "are not Released Parties or Releasees."[14]

15   **D.   Preliminary Approval of the Settlement**

16   On May 3, 2016, the Court granted preliminary approval of the Settlement ("Preliminary

17   Approval Order").[15] The Court found that the Settlement was sufficiently fair, reasonable, and

18   adequate to allow dissemination of notice of the Settlement to the Settlement Class and to hold a

19   Fairness Hearing.[16] The Court also found, for purposes of preliminary approval and settlement

20   only, that the settlement classes met the requirements of Rule 23(b)(3).[17] The Court appointed

21   Settlement Class Representatives, Class Counsel, and Administrator to their respective

22   positions.[18]

23

24

25   [12] Dkt. 15-1 ¶ dd.

26   [13] Dkt. 15-1 ¶ ee.
     [14] *Id.*

27   [15] Dkt. 17.
     [16] *Id.* at 1.

28   [17] *Id.* at 2.
     [18] *Id.* at 3.

HAGENS BERMAN

**E.   The Notice Campaign**

In its Preliminary Approval Order, the Court appointed Garden City Group ("GCG") as the Settlement Administrator. As provided in the Preliminary Approval Order and the Settlement Agreement, Class Counsel provided GCG with (1) the customer database previously produced to Class Counsel by Meracord ("Meracord Database"), which contained transaction histories from 246,272 Meracord accounts; (2) customer contact information also previously provided by Meracord, which contained email addresses and/or mailing addresses for 215,718 unique Meracord customers; and (3) a list of approximately 800 email addresses for Meracord customers who had previously contacted Class Counsel about the Meracord litigation. *See* Declaration of Celeste H.G. Boyd, filed herewith ("Boyd Decl.") at ¶ 2; Declaration of Lori L. Castaneda Regarding Settlement Administration, filed herewith ("GCG Decl.") at ¶ 5. All this Meracord Customer information together is referred to as the "Class List." GCG Decl. ¶ 5. The Class List contained information for 65,224 Meracord Customers in Platte River States ("Platte River Class Members"), and 174,497 Meracord Customers in Non-Platte River States ("Non-Platte River Customers"). GCG Decl. ¶ 5.

Pursuant to the Preliminary Approval Order, on June 1, 2016, GCG sent direct notice via email ("Email Notice") to the 173,245 Meracord customers for whom valid email addresses were provided—regardless of state of residency. GCG Decl. ¶ 6 & Ex. A.[19] Of the emails sent, 43,658 emails were transmitted to Platte River Class Members, and 129,601 emails were transmitted to Non-Platte River Customers. GCG Decl. ¶ 6. A total of 46,039 Email Notices were returned to GCG as undeliverable; 12,025 of those undeliverable emails were sent to Platte River Class Members. *Id.* ¶ 7.

GCG also sent direct notice via postcard ("Postcard Notice") to 60,980 Platte River Class Members on June 1, 2016, and to an additional 4,212 Platte River Class Members on June 15,

---

[19] Email Notice was sent to all Meracord customers—rather than only to Platte River Class Members—out of an abundance of caution. The Meracord Database contained only static customer address information, rather than a complete address history. Thus, it was possible for a customer to be mis-classified as a non-Settlement Class Member based on the Database's "current" address, even if they had resided in a Platte River State during the relevant Bond Period (and thus fell into the Settlement Class definition). For that reason, customers classified as Non-Platte River Customers were sent Email Notice and given an opportunity to contest their exclusion from the Settlement Class. Boyd Decl. ¶ 3; *see also* GCG Decl. ¶ 12.

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 6
Case No. 3:16-cv-05147-BHS
010262-16  894388 V1



2016. GCG Decl. ¶ 8 & Ex. B. Prior to mailing the Postcard Notice, GCG ran all addresses through the National Change of Address ("NCOA") database maintained by the U.S. Postal Service.[20] Where a potential Settlement Class Member had recently filed a U.S. Postal Service change of address request, the address listed in the NCOA database was used in connection with the Postcard Notice mailing. GCG Decl. ¶ 8. A total of 34,637 records in the Class List were updated with a new address from the NCOA database. GCG Decl. ¶ 8. A total of 8,961 Postcard Notices were returned to GCG as undeliverable without forwarding address information. *Id*. ¶ 9. In total, approximately 86% of Postcard Notices sent to Platte River Class Members were not returned to GCG. *Id*.

In total, approximately 60,571Settlement Class Members were sent *either* Email or Postcard notice that was successfully delivered (*i.e.*, not returned to GCG as undeliverable)— representing 92.8% of the Settlement Class. *Id*. ¶ 10.

In addition to direct notice, GCG designed and made public (as of June 1, 2016), an informational website, www.MeracordSuretySettlement.com, to provide information about the Settlement. GCG Decl. ¶ 11. The website included an overview of the case, important dates and deadlines, answers to frequently asked questions, and contact information for Class Counsel and GCG. *Id*. The full Long Form Notice was available on the website, as well as the Class Action Complaint and Jury Demand, the Settlement Agreement, Preliminary Approval Order, and the Settlement Class Representatives' Amended Motion for Attorneys' Fees, Expenses, and Incentive Awards. GCG Decl. ¶ 11 & Ex. C. As of August 15, 2016, the website has received 14,251 visits. *Id*.

GCG also established a dedicated Toll-Free Number that provides potential Settlement Class Members with direct access to information regarding the lawsuit and Settlement. GCG Decl. ¶ 14. An Interactive Voice Response ("IVR") system provides callers with basic information on the case and the option to request a copy of the full Notice. *Id*. As of August 15,

---

[20] The NCOA database is an official United States Postal Service technology product, which makes change of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mailstream. This product is an effective tool to update address changes when a person has completed a change of address form with the Post Office. The U.S. Postal Service maintains address information on the database for 48 months. GCG Decl. ¶ 8, n.3.



2016, GCG had received 4,519 calls; GCG will continue to maintain and update the IVR throughout the administration of the Settlement. *Id*.

GCG also established a settlement dedicated email inbox for potential Settlement Class Members to send inquiry emails regarding the Settlement. *Id*. ¶ 15. As of August 15, 2016, GCG has received and responded to 258 emails from potential Settlement Class Members. *Id*.

The exclusion and objection deadline having passed, only one Settlement Class Member filed a timely request for exclusion, and only one Class member has objected to the Settlements. GCG Decl. ¶¶ 16–17, and Exs. D & E. The objection was filed directly with the Court, and Settlement Class Representatives response to that objection is below.

## IV.   THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

### A.   Standard of Review

It is well established in the Ninth Circuit that "voluntary conciliation and settlement are the preferred means of dispute resolution."[21] "[T]here is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits."[22]

The Ninth Circuit has set forth factors that may be considered in evaluating whether the proposed settlement is "fair, adequate and reasonable" under Rule 23(e): (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; and (7) the reaction of the class to the proposed settlement.[23] The importance of any one factor "will depend upon and be dictated by the nature of the claims advanced, the types of relief sought, and the unique facts and circumstances presented by each individual case."[24]

---

[21] *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). All internal citations and quotations omitted, unless otherwise indicated.

[22] *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).

[23] *See Churchill Vill. v. GE*, 361 F.3d 566, 575-76 (9th Cir. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

[24] *Officers for Justice*, 688 F.2d at 625.

HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

1    The district court exercises its "sound discretion"[25] in approving a settlement, but should

2    give the settlement a "presumption of reasonableness" based on the recommendations of

3    plaintiffs' counsel.[26] The Court is now asked to ascertain whether the Settlement is within a

4    range that responsible and experienced attorneys could accept, considering all relevant risk

5    factors of litigation.[27] This range recognizes the uncertainties of law and fact in any particular

6    case and the concomitant risks and costs necessarily inherent in taking any litigation to

7    completion.[28] It is the considered judgment of the experienced Class Counsel, after extensive

8    hard-fought litigation and settlement negotiations, that the Settlement is an excellent result for

9    the Settlement Class and should be approved.

10   **B.   The Settlement Is Fair, Reasonable, and Adequate**

11   The Court has already initially considered all the relevant factors (with the exception of

12   the reaction of Class members) in deciding to grant preliminary approval of the Settlement, and

13   found that the Settlement falls within the range of reasonableness meriting possible final

14   approval.[29] As outlined in the Motion for Preliminary Approval,[30] each of these factors supports

15   final approval of Settlement here.

16
17   **1.   The Strength of Plaintiffs' Case and the Risk of Continued Litigation Supports Final Approval.**

18   The Settlement provides an excellent recovery for the Settlement Class while eliminating

19   the risk, expense, delay, and uncertainty of continued litigation. This case, like every class

20   action, involves uncertainty on the merits. The Settlement resolves that inherent uncertainty; for

21   this reason, settlements are thus strongly favored by the courts, particularly in class actions such

22   as this one.[31]

23   [25] *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

24   [26] *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Ellis*, 87 F.R.D. at 18 ("the fact that
25   experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight").

     [27] *Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1982); *Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir.
26   1974), *abrogated on other grounds*, *Mba v. World Airways, Inc.*, 369 F. App'x 194 (2d Cir. 2010).

     [28] *Id.*
27   [29] Dkt. 17 at 1.
     [30] Dkt. 14 at Section IV.
28   [31] *See Van Bronkhorst*, 529 F.2d at 950; *United States v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977).

**HB  HAGENS BERMAN**

1    Settlement Class Representatives believe their case is strong, but they recognize the risk

2    and expense necessary to prosecute their claims through trial, and subsequent appeals, as well as

3    the inherent difficulties and delays a nationwide class action may entail.[32] These factors are

4    particularly salient here, where Platte River never conceded (i) that Meracord was liable for the

5    conduct alleged or (ii) that if Meracord were liable, the conduct was covered by the Platte River

6    Bonds.

7    Settlement Class Representatives face an additional risk in the class certification process.

8    Absent the Settlement, Platte River would be expected to challenge class certification at every

9    stage, and those challenges could conceivably diminish or preclude class-wide recovery.

10   Each of these issues presented substantial risk to the Settlement Class. Given these risks,

11   there is no doubt that continued litigation would be expensive, complex, and time consuming.

12   This factor should weigh heavily in favor of approving the Settlement.

13       **2.   There Is Potential Risk in Maintaining Class Action Status Through Trial.**

14   There are also a number of risks regarding the maintenance of a class action in this

15   litigation, the most important being that because of the relatively small size of Settlement Class

16   Members' individual claims, a ruling denying certification of a litigation class would effectively

17   foreclose recovery completely for most—if not all—Settlement Class Members. The risk faced

18   by the Settlement Class that any recovery would need to be sought on an individualized basis

19   further supports final approval of the Settlement.

20       **3.   The Relief Provided to the Class in the Settlement Is Substantial, Especially**
21           **in Light of the Limited Nature of the Bond Funds.**

22   The Agreement provides for payment of 85% of the face value of Platte River's Bonds—

23   with the face value representing the maximum amount recoverable under the Bond claims, even

24   had the Settlement Class Representatives gone to trial and prevailed on those claims.[33] In light of

25   the risks, expenses and delays to the Settlement Class of continuing litigation, the payment of

26   ---
     [32] *See Dryer v. Nat'l Football League*, 2013 WL 1408351, at *2 (D. Minn. Apr. 18, 2013).

27   [33] With regard to one state, Virginia, the number of victims was small relatively to the bond amount.  Therefore,
     rather than requiring a tender of 85% of the Bond, the Agreement provides for payment of 85% of the total
     estimated damages of the class members in that state, *see* Appendix A to Dkt. 15-1, thereby ensuring that Virginia
28   class members are treated the same as other class members.

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 10
Case No. 3:16-cv-05147-BHS
010262-16  894388 V1

85% of Platte River's maximum exposure on the Bonds represents a very favorable outcome for the Settlement Class, and compares favorably to settlements finally approved in other class cases.[34] Finally, the Settlement ensures that monies do not revert to the Defendant, providing for a *cy pres* distribution of any residual funds to the National Consumers League for use in educational efforts related to the debt settlement industry.[35]

### 4. The Extent of Discovery and the Stage of the Proceedings.

The stage of the proceedings and the extent of discovery also weigh in favor of approving the Settlement. The parties have actively litigated this case against the Sureties—and the cases against Meracord that underlie it—for over five years, including a trip up to the Ninth Circuit Court of Appeals and back, and conducted extensive discovery while simultaneously fighting heated battles. Declaration of Thomas E. Loeser, filed herewith ("Loeser Decl.") at ¶ 1. Plaintiffs have conducted extensive discovery and analysis of the resulting information—including, most notably, extensive analysis of the Meracord Database by an expert retained by Class Counsel, as well as analysis of specific statutory and bond language for surety bonds issued in forty-five different states (including the twenty-six states at issue in the Settlement). *Id.* ¶ 2. Weighing the developed stage of litigation against the risk that Settlement Class Members face in this litigation, there are no obvious deficiencies regarding the Settlement. The state of these proceedings supports approval of this Settlement, given that both parties were well-educated on both the claims and defenses available in this action.

### 5. The Recommendations of Experienced Counsel Favor Approval of the Settlement.

"Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation."[36] Here, experienced and capable Class Counsel, who are routinely and actively involved in complex federal civil litigation, have

---

[34] *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (one-sixth of potential recovery was fair and adequate); *Villegas v. J.P. Morgan Chase & Co.*, 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (15% of potential recovery approved); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2007) (6-9% of potential recovery was fair and adequate).

[35] Dkt. 15-1 ¶ 17(h).

[36] *Nat'l Rural Telecomm. Coop. v. DIRECT TV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004).

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 11
Case No. 3:16-cv-05147-BHS
010262-16  894388 V1

HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  weighed all of the above factors and have concluded that the Settlement is a favorable result

2  which is in the best interests of the class. Loeser Decl. at ¶ 4. Where, as here, the Settlement is

3  the product of serious, informed and non-collusive negotiations, "the trial judge . . . should be

4  hesitant to substitute its own judgment for that of counsel."[37]

5  ### 6. The Reaction of the Class to the Proposed Settlement.

6  Finally, the positive reaction of the Settlement Class to the proposed Settlement further

7  weighs heavily in favor of the final approval. As demonstrated by the Administrator's sworn

8  declaration, the Settlement Class has now been provided with notice of the Settlement, and only

9  a *de minimis* number have objected or sought exclusion. GCG Decl. ¶¶ 16-17. The positive

10  reaction of the Settlement Class is an important factor in evaluating the fairness, reasonableness

11  and adequacy of the Settlement and supports approval.[38]

12  ### V.   THE SETTLEMENT IS THE NON-COLLUSIVE PRODUCT OF EXTENSIVE
13  ### ARM'S LENGTH NEGOTIATIONS

14  Experienced counsel on both sides, each with a comprehensive understanding of the

15  strengths and weaknesses of each party's respective claims and defenses, negotiated this

16  Settlement at arm's length. Loeser Decl. ¶ 5; Boyd Decl. ¶ 4. The Settling Parties reached

17  agreement after over four years of litigation (including the underlying litigation against

18  Meracord), discovery and investigation, and multiple discussions between counsel concerning

19  the detailed terms of the Settlement, including the Settlement Amount. In addition, the Settling

20  Parties previously took part in a one-day multi-party mediation conducted by experienced

21  mediator James A. Smith in October 2013.[39] The Settlement is the end result of all of these non-

22

23  [37] *Nat'l Rural*, 221 F.R.D. at 528; *see also Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) ("The
   recommendation of experienced counsel carries significant weight in the court's determination of the reasonableness
24  of the settlement."); *Ellis*, 87 F.R.D. at 18 ("the fact that experienced counsel involved in the case approved the
   settlement after hard-fought negotiations is entitled to considerable weight").

25  [38] *Detroit*, 495 F.2d at 463 (small number of objectors favors approval of settlement); *Hartless v. Clorox Co.*, 273
   F.R.D. 630, 641 (S.D. Cal. 2011), *aff'd in part*, 473 F. App'x 716 (9th Cir. 2012) (reaction of class weighs in favor
   of approval where "[o]f the potentially thousands of individuals that received the class notice, only three objected");
26  *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 746 (S.D.N.Y. 1985) (same); *Milstein v. Huck*, 600 F. Supp.
   254, 267 (E.D.N.Y 1984) (same); *In re Mfrs. Life Ins. Co. Premium Litig.*, 1998 U.S. Dist. LEXIS 23217, at *24
27  (S.D. Cal. Dec. 18, 1998) (same).

   [39] *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (finding the presence of a
28  neutral mediator "a factor weighing in favor of a finding of non-collusiveness").

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 12
Case No. 3:16-cv-05147-BHS
010262-16  894388 V1

collusive negotiations between sophisticated sets of counsel. This prolonged process reflected the vigor with which both sides represented their interests, including those of the Settlement Class as whole, and supports approval.[40]

In addition, the Settlement itself, taken as a whole, bears no signs of collusion or conflict. In its opinion in *In re Bluetooth*, the Ninth Circuit admonished that courts must, at the final approval stage, ensure that the settlement, taken as a whole, is free of collusion or any indication that the pursuit of the interests of the class counsel or the named plaintiffs "infected" the negotiations.[41] The Ninth Circuit has pointed to three factors as troubling signs of a potential disregard for the class's interests during the course of negotiation:

> 1) when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded;
>
> 2) when the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, which carries "the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class;" and
>
> 3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund.[42]

Here, none of those signs are present. The proposed settlement is a common fund, all-in settlement with no possibility of reversion. The funds will be used to cover costs and fees, and to compensate the Settlement Class based on a *pro rata* formula. There is no "clear sailing" provision, no payment of fees separate and apart from the Settlement Fund, and no "kicker" provision like the one in *In re Bluetooth* which would allow funds not awarded to revert to Platte River. The class notice informed Settlement Class Members that Class Counsel would make a request for attorneys' fees up to 25 percent of the settlement fund.[43]

---

[40] Herbert Newberg & Alba Conte, *Newberg on Class Actions*, § 11.41 (4th ed. 2002) (recognizing that settlement is entitled an initial presumption of fairness because it was the result of arm's length negotiations among experienced counsel).
[41] *Bluetooth*, 654 F.3d at 946-48.
[42] *Id*. at 947.
[43] *See* GCG Decl, Ex. C.

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 13
Case No. 3:16-cv-05147-BHS
010262-16  894388 V1



HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

1    In short, the Settlement was negotiated at arm's length, and the terms so reflect. None of

2    the hallmarks of collusion warned of by the Ninth Circuit in *Bluetooth* are present, and the

3    Settlement is entitled to a presumption of fairness.

## VI.   FOR PURPOSES OF SETTLEMENT ONLY, THE SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23

6    The Court has already conditionally certified the Settlement Class and appointed

7    Settlement Class Representatives and Class Counsel to represent that Class.[44] As originally set

8    forth in the Motion for Preliminary Approval,[45] the Class satisfies the requirements for class

9    certification set forth in Rule 23(a) and Rule 23(b)(3).

10   **A.   The Settlement Class Satisfies Rule 23(a).**

11   Plaintiffs seeking class certification bear the burden of demonstrating that each element

12   of Rule 23 is satisfied.[46] "While the Court's analysis must be rigorous, Rule 23 confers to the

13   district court broad discretion to determine whether a class should be certified, and to revisit that

14   certification throughout the legal proceedings before the court."[47] Although plaintiffs must offer

15   facts sufficient to satisfy the Rule 23 requirements,[48] the Court "need only form a 'reasonable

16   judgment' on each certification requirement," taking the complaint's allegations as true and

17   declining to make merits determinations.[49] Trial manageability, however, is not a factor to

18   consider when deciding whether to certify a settlement class because there will not be a trial.[50]

19   **1.   The Settlement Class Is So Numerous that Joinder Is Impracticable.**

20   Rule 23(a)(1) requires that the class be so numerous that joinder of all members is

21   "impracticable."[51] Numerosity "depends on the facts and circumstances of each case and does

22   not, as a matter of law, require any specific minimum number of class members."[52] Courts

---

[44] Dkt. 17 at 2-3.
[45] Dkt. 14 at Section V.
[46] *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir.), *amended*, 273 F.3d 1266 (9th Cir. 2001).
[47] *Galvan, Inc. v. KDI Distrib.*, 2011 U.S. Dist. LEXIS 127602, at *7 (C.D. Cal. Oct. 25, 2011).
[48] *In re First Am. Corp. ERISA Litig.*, 258 F.R.D. 610, 616 (C.D. Cal. 2009).
[49] *Galvan*, 2011 U.S. Dist. LEXIS 127602, at *7 (quoting *Gable v. Land Rover N. Am., Inc.*, 2011 U.S. Dist. LEXIS 90774, at *9 (C.D. Cal. July 25, 2011)).
[50] *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997).
[51] *Hanlon*, 150 F.3d at 1019.
[52] *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1340 (W.D. Wash. 1998).

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 14
Case No. 3:16-cv-05147-BHS
010262-16  894388 V1

HB  HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

1   generally find numerosity when a class includes at least 40 members.[53] Class size does not have

2   to be "exactly determined" at the certification stage; "a class action may proceed upon estimates

3   as to the size of the proposed class."[54]

4   Here, the numerosity requirement is easily met because Meracord's customer database

5   evidences that over 47,000 accounts were established for Settlement Class Members.

6   Boyd Decl. ¶ 5. Even taking into account the possibility that a Settlement Class Member might

7   have possessed more than one account, the number of class members clearly makes joinder

8   impracticable.[55]

9   ## 2. Numerous Common Issues of Law and Fact Exist.

10   To satisfy Rule 23(a)(2), "a common question 'must be of such a nature that it is capable

11   of classwide resolution – which means that the determination of its truth or falsity will resolve an

12   issue that is central to the validity of each of the claims in one stroke.'"[56] The "existence of

13   shared legal issues with divergent factual predicates is sufficient, as is a common core of salient

14   facts coupled with disparate legal remedies within the class."[57]

15   Commonality is liberally and permissively construed.[58] It requires only "a single

16   *significant* question of law or fact."[59] A defendant's actions need not affect each Class member

17   in the same manner and individual differences in damages will not defeat class treatment.[60]

18   The litigation against Platte River centers around one single and common core question:

19   whether Meracord's actions were sufficient to trigger Platte River's liability under each Bond,

20   and thus whether the Bond Amounts listed in Appendix A to the Settlement Agreement are due

21

---

[53] *See Z.D. ex rel. J.D. v. Grp. Health Co-op.*, 2012 WL 1977962, at *3 (W.D. Wash. June 1, 2012).

[54] *Hartman v. United Bank Card Inc.*, 2012 WL 4758052, at *10 (W.D. Wash. Oct. 4, 2012).

[55] *See Brown v. Consumer Law Assocs., LLC*, 283 F.R.D. 602, 612 (E.D. Wash. 2012) (class of 894 debt settlement customers satisfied numerosity requirement).

[56] *Galvan*, 2011 U.S. Dist. LEXIS 127602, at *17 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)).

[57] *Rivera v. Bio Engineered Supplements & Nutrition, Inc.*, 2008 U.S. Dist. LEXIS 95083, at *15 (C.D. Cal. Nov. 13, 2008) (quoting *Hanlon*, 150 F.3d at 1019).

[58] *Hanlon*, 150 F.3d at 1019; *see also Kirkpatrick v. Ironwood Commc'ns, Inc.*, 2006 U.S. Dist. LEXIS 57713, at *11-14 (W.D. Wash. Aug. 16, 2006); *Rodriguez v. Carlson*, 166 F.R.D. 465, 472 (E.D. Wash. 1996).

[59] *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (emphasis in original); *accord Roshandel v. Chertoff*, 554 F. Supp. 2d 1194, 1203 (W.D. Wash. 2008), *amended in part*, 2008 WL 2275558 (W.D. Wash. June 3, 2008).

[60] *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d at 1342; *Brown*, 283 F.R.D. at 612 (citing *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1026 (9th Cir. 2011)).

HB  HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    and owing to the Settlement Class. The relatively low commonality hurdle is satisfied here. The

2    claims of all prospective Settlement Class Members involve this same overriding question—a

3    question central to the case against Platte River and sufficient to establish commonality.

4
5        **3.  The Settlement Class Representatives' Claims Are Typical of Those of Other
             Settlement Class Members.**

6         Rule 23(a)(3) requires that the class representatives' claims are typical of the class. "The

7    test of typicality 'is whether other members have the same or similar injury, whether the action is

8    based on conduct which is not unique to the named plaintiffs, and whether other class members

9    have been injured by the same course of conduct.'"[61] "Typicality refers to the nature of the claim

10   or defense of the class representative, and not to the specific facts from which it arose or the

11   relief sought."[62] Moreover, "[u]nder the 'permissive standards' of this Rule, 'representative

12   claims are "typical" if they are reasonably co-extensive with those of absent class members; they

13   need not be substantially identical.'"[63] The "focus should be on the defendants' conduct and

14   plaintiff's legal theory, not the injury caused to the plaintiff."[64]

15        Settlement Class Representatives' claims here arise from a common course of conduct

16   and a common legal theory, and their interests are typical of and closely aligned with those of the

17   absent Settlement Class Members. With respect to their injuries, all Settlement Class Members

18   were injured by the Meracord Enterprise's illegal activity, and this Court already found that

19   Meracord's "violations of Washington consumer protection laws are typical of class members."

20   *Meracord Action* Dkt. 285 (Order Granting Plaintiffs' Mot. for Partial Summary Jmt., Mot. to

21   Certify Class, and Mot. for Default Jmt.). Moreover, all Settlement Class Members seek to

22   collect on the same Bonds. Since Settlement Class Representatives' claims rely on facts and

23   legal theories identical to those of the Settlement Class, the typicality requirement is satisfied.

24

25   _____

     [61] *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quoting *Hanon v. Dataproducts Corp.*, 976
26   F.2d 497, 508 (9th Cir. 1992)).
     [62] *Id.*
27   [63] *Galvan*, 2011 U.S. Dist. LEXIS 127602, at *18 (quoting *Hanlon*, 150 F.3d at 1020).
     [64] *Costelo v. Chertoff*, 258 F.R.D. 600, 608 (C.D. Cal. 2009) (quoting *Simpson v. Fireman's Fund Ins. Co.*, 231
28   F.R.D. 391, 396 (N.D. Cal. 2005)).

     SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
     FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 16
     Case No. 3:16-cv-05147-BHS
     010262-16  894388 V1

HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

### 4.   The Settlement Class Representatives and Their Counsel Adequately Represent the Interests of the Settlement Class.

Rule 23(a)(4) requires that the representative parties fairly and adequately protect the interests of the class. The relevant inquiries are: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"[65]

Here, the Court already found in preliminarily approving the Settlement and appointing Settlement Class Representatives that they would adequately represent the interests of the Settlement Class, and nothing in the interim has changed the facts. Settlement Class Representatives are committed to the action and have devoted substantial time to assisting counsel with this action, providing information and/or documents in support of the litigation, reviewing and approving pleadings and other filings, and actively requesting updates on the status of the case. Loeser Decl. ¶ 6; Boyd Decl. ¶ 6. Similarly, Class Counsel are well qualified, possess no conflicts of interest, and have already proven capable of prosecuting this action vigorously on behalf of the Settlement Class.[66] There can be no question that they are adequate, and indeed, the Court has already found that they are, both in this action, and in the context of certifying the Meracord Class.[67]

### B.   The Settlement Class Satisfies the Requirements of Rule 23(b)(3)

For certification under Rule 23(b)(3), common questions of law or fact must predominate over questions that affect only individual members of the class, and a class action must be found to be superior to other available methods of adjudication. Fed. R. Civ. P. 23(b)(3). "Judicial economy and fairness are the focus of the predominance and superiority requirements."[68] Both elements are satisfied here.

---

[65] *Ellis*, 657 F.3d at 985 (quoting *Hanlon*, 150 F.3d at 1020); *see also Galvan*, 2011 U.S. Dist. LEXIS 127602, at *20.

[66] *See* Dkt. 14 at Section D.

[67] Dkt. 17 at 3; *Meracord Action* Dkt. 285.

[68] *Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris, Inc.*, 188 F.R.D. 365, 375 (D. Or. 1998).

HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

1  **1. Common Questions of Law and Fact Predominate over Individual Questions.**

2  The predominance inquiry is meant to "tes[t] whether proposed classes are sufficiently

3  cohesive to warrant adjudication by representation."[69] It "does *not* require a plaintiff seeking

4  class certification to prove that each elemen[t] of [her] claim [is] susceptible to classwide proof

5  . . . [only] that common questions *predominate* over any questions affecting only individual

6  [class] members."[70] Nor must a plaintiff show, at the class certification stage, that those

7  "questions will be answered, on the merits, in favor of the class."[71]

8  Common issues predominate here. The salient evidence necessary to establish Settlement

9  Class Representatives' claims is common to all members of the Settlement Class: they seek to

10  prove that as a result of Meracord's illegal conduct, the Bond Amounts are due and owing to

11  Settlement Class Members. Plaintiffs' evidentiary presentation would change little regardless of

12  whether there were 100 Class members or 1,000,000: in either instance, Plaintiffs would present

13  the same classwide evidence of Meracord's wrongful conduct, and the same evidence with

14  respect to Platte River's liability on the Bonds. In the words of the Ninth Circuit, these common

15  questions—and more—"present a significant aspect of the case and they can be resolved for all

16  members of the class in a single adjudication."[72]

17  Moreover, in determining whether common questions predominate, "the focus of this

18  court should be principally on issues of liability."[73] "The potential existence of individualized

19  damage assessments . . . does not detract from the action's suitability for class certification,"[74]

20  but even if it did, there is no risk of that here, since Meracord's customer database provides a

21  robust source of classwide information from which individual damage calculations can be made

22  with relative certainty as well as administrative ease.

23  For these reasons, common issues predominate over any relevant individual issues.

24  

25  [69] *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2566 (quoting *Amchem*, 521 U.S. at 623).
[70] *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184,1196 (2013) (emphasis in original).

26  [71] *Abdullah.*, 731 F.3d at 964.
[72] *Hanlon*, 150 F.3d at 1022; *see also Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045-46 (2016).

27  [73] *In re Sugar Indus. Antitrust Litig.*, 1976 WL 1374, at *22 (N.D. Cal. May 21, 1976); In re Citric Acid Antitrust Litig., 1996 WL 655791, at *6 (N.D. Cal. Oct. 2, 1996). *See also Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001).

28  [74] *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1089 (9th Cir. 2010).

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 18
Case No. 3:16-cv-05147-BHS
010262-16 894388 V1

**HAGENS BERMAN**

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

**2.  A Class Action Is Superior to Other Available Methods.**

Certification of a case is appropriate if class treatment "is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Factors to be considered are: (1) the interest of members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by members of the class; and (3) the desirability of concentrating the litigation of the claims in a particular forum.[75] *Id.*

Prosecuting this action as a class action is clearly superior to the alternative—many duplicative individual actions—which would be inefficient and unfair. "Numerous individual actions would be expensive and time-consuming and would create the danger of conflicting decisions as to persons similarly situated."[76]

Specifically, factors (1) and (3) weigh in favor of concentrating the claims in a single forum, since the damages sustained by each individual class member are too low, compared with the costs of litigation, to incentivize Settlement Class Members to litigate their claims individually. This is especially true given Meracord's defunct status; the very limited amount of funds available from the Bonds relative to the amount of damages suffered by each Settlement Class Member; and the disparity in resources between the typical Class Member and a well-funded, litigation-savvy insurance company.[77] Class Counsel have already devoted significant resources to litigating this and related actions, in this Court, the Ninth Circuit, the Central District of California, and the District of Arizona. Class Counsel have managed a labor-intensive discovery and document-review effort; devoted substantial expert resources to analyzing the Meracord Database; engaged in mediation and settlement discussions; and engaged in significant motions practice on various issues across the different cases against Meracord and the Sureties. An individual litigant could not invest similar resources in pursuing his/her case. Certification thus conserves both individual and already-strapped judicial resources.

---

[75] The fourth factor, trial manageability, is not relevant when deciding whether to certify a settlement class. *Amchem*, 521 U.S. at 620.

[76] *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

[77] *See, e.g., Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 522 (C.D. Cal. 2012).

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 19
Case No. 3:16-cv-05147-BHS
010262-16  894388 V1

HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

The second factor—the extent and nature of any similar litigation—also favors class certification. Settlement Class Representatives are not aware of any other litigation in the country involving similar claims—whether individual or classwide—on Meracord's Bonds. Thus, all factors support a finding that the class action device is the most efficient and effective means of resolving this controversy.

**C.   Notice to the Settlement Class Was Adequate and Satisfied Due Process.**

Notice to the Class was adequate and satisfied both Rule 23 and due process. Under Rule 23(e)(1), the Court must direct notice in a reasonable manner to all class members who would be bound by the proposal.[78] Rule 23 requires that the best notice practicable, rather than actual notice, be provided.[79] "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."[80] Rule 23 requires that class notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B).

Here, in granting preliminary approval, this Court previously approved the Class Notice, which was effectuated by the Administrator as ordered by the Court. As described in more detail above in Section III.E, the Administrator successfully delivered direct notice to 92.8% of the Settlement Class—well within the range of a reasonable "reach rate."[81] In addition, the Long-Form Notice, available to Settlement Class Members via the Settlement Website or mail by

---

[78] *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009); Fed. R. Civ. P. 23(e)(1).

[79] *Siber v. Mabon*, 18 F.3d 1449, 1453 (9th Cir. 1994) (holding that the best notice practicable, rather than actual notice, is the proper standard for providing notice of a proposed settlement to absent class members).

[80] *Rodriguez*, 563 F.3d at 962.

[81] *See, e.g.*, Federal Judiciary Committee, "Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide" (2010), available at http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck .pdf/$file/NotCheck.pdf (describing reach rate of "between 70-95%" as a "high percentage"); *Rinky Dink, Inc. v. World Bus. Lenders, LLC*, 2016 WL 3087073, at *1 (W.D. Wash. May 31, 2016) (approving settlement where direct notice provided to 86 % of the class); *In re Hydroxycut Mktg. & Sales Practices Litig.*, 2014 WL 6473044, at *2 (S.D. Cal. Nov. 18, 2014), *appeal dismissed* (Apr. 30, 2015) (same, with estimated 81% reach rate).

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 20
Case No. 3:16-cv-05147-BHS
010262-16  894388 V1

HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  request, was previously approved by the Court, and contained detailed information regarding the

2  Settlement meeting the requirements of Fed. R. Civ. P. 23(c)(2)(B). GCG Decl., Ex. C (Long-

3  Form Notice). The Notice plan, approved by this Court, clearly satisfies Rule 23(e)(1) and due

4  process.

### VII.   THE SOLE OBJECTION TO THE SETTLEMENT MISUNDERSTOOD THE NATURE OF THE SETTLEMENT.

7  From the approximately 47,000 Settlement Class Members who received notice of the

8  Settlement, GCG received a single objection, in the form of a letter from Nicola A. Damerel of

9  Hastings, Minnesota. GCG Decl. ¶ 17, Ex. E. Ms. Damerel's objection appears to be entirely

10  based on her conclusion that the Settlement Fund is inadequate because it represents a small

11  percentage of the actual losses suffered by Settlement Class Members. She contends that

12  "reparations for class members should better reflect a return of fees paid in good faith by class

13  members," and requests that the Court "readdress the settlement amount terms to be more in

14  alignment of our losses incurred." *Id*. Ms. Damerel's objection is meritless because it conflates

15  Platte River, the issuer of the Bonds, with Meracord and the Front DRCs—"the companies and

16  their partners [whom class members trusted] to help find manageable solutions during our

17  financial hardships." *Id*.

18  As noted, the funds available pursuant to the Bonds is limited, and represents only a

19  fraction of the total amounts paid by the Settlement Class Members to Meracord. Absent a

20  settlement, individual class members would be left to recover from the Bonds, and Platte River

21  would strongly contest that any recovery is available under the terms of the Bonds. The

22  settlement therefore should be evaluated based on the high percentage of the Bond funds paid in

23  the settlement—not the percentage of unlawful fees recovered. Ms. Damerel's objection

24  therefore should be overruled.



# VIII.  CONCLUSION

The Settlement represents a fair and reasonable resolution of Settlement Class Members' claims after five years of litigation, and is supported by Settlement Class Representatives and experienced Class Counsel, who respectfully request that this Court approve the Settlement.

Dated this 16th day of August, 2016

**HAGENS BERMAN SOBOL SHAPIRO LLP**


By: */s/ Steve W. Berman*
 *  /s/ Thomas E. Loeser*
  Steve W. Berman, WSBA #12536
  Thomas E. Loeser, WSBA # 38701
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
steve@hbsslaw.com
toml@hbsslaw.com

**THE PAYNTER LAW FIRM PLLC**
Stuart M. Paynter
1200 G Street N.W., Suite800
Washington, DC 20005
Tel.: (202) 626-4486
Fax: (866) 734-0622
stuart@paynterlawfirm.com

Celeste H.G. Boyd
106 S. Churton St., Ste. 200
Hillsborough NC 27278
Tel.: (919) 307-9991
Fax: (866) 734-0622
cboyd@paynterlawfirm.com

*Class Counsel*



**CERTIFICATE OF SERVICE**

On August 16, 2016, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

- **Steve W. Berman**
  steve@hbsslaw.com, robert@hbsslaw.com, heatherw@hbsslaw.com
- **Celeste H.G. Boyd**
  cboyd@paynterlawfirm.com
- **Thomas E. Loeser**
  TomL@hbsslaw.com, dawn@hbsslaw.com
- **Stuart M. Paynter**
  stuart@paynterlawfirm.com
- **Jennifer Campbell**
  jcampbell@schwabe.com
- **Jonathan A Constine**
  Jonathan.Constine@troutmansanders.com
- **Bert W. Markovich**
  bmarkovich@schwabe.com
- **Claire L. Rootjes**
  crootjes@schwabe.com
- **Scott M Stickney**
  stickney@wscd.com
- **John D. Wilson, Jr.**
  wilson@wscd.com
- **Robert Jesse Berens**
  rberens@l-llp.com
- **Christopher Alan LaVo**
  cal@tblaw.com
- **Adam D Melton**
  amelton@l-llp.com
- **David C Veis**
  dveis@robinskaplan.com


*/s/ Thomas E. Loeser*
Thomas E. Loeser (WSBA# 38701)

SETTLEMENT CLASS REPRESENTATIVES' MOT. FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 23
Case No. 3:16-cv-05147-BHS
010262-16  894388 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594