HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMRISH RAJAGOPALAN, MARIE JOHNSON-PEREDO, ROBERT HEWSON, DONTE CHEEKS, DEBORAH HORTON, RICHARD PIERCE, ERMA SUE CLYATT, ROBERT JOYCE, AMY JOYCE, ARTHUR FULLER, DAWN MEADE, WAHAB EKUNSUMI, KAREN HEA, ALEX CASIANO, DECEMBER GUZZO, BEN PARKER, CHERYL ANDERSON, CARMEN ALFONSO, BETH JUNGEN, TANYA GWATHNEY, KEVIN DELOACH, SCOTT SNOEK, KELLY ENDERS, THOMAS LUDWICK, DONALD BOGAN, BILL KRUSE, JOYCE DRUMMOND, TAMARA COOPER, DEBRA MILLER, GEORGE LAWRENCE, CYNTHIA OXENDINE, MARTIN ANDERSON, ANGELA ROSS, ANDREA TOPPS, DEBRA FINAZZO, SHARRON BLACK, SYLVIA HADCOCK, AUDRIE LAWRENCE (POOLE), ADAM WARD, ISHULA MCCONNELL, ERICA CHASE, STEPHEN YOUNKINS, DAN WEDDLE, STILLMAN PARKER, TINA ROBERTS-ASHBY, BRANDON ASHBY, VALERIE NEWSOME, AND RUSSEL TANNER, on behalf of themselves and others similarly situated.<br>      Plaintiffs,<br> v.<br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND, as Surety for Meracord LLC,<br>      Defendant. | No. 3:16-cv-05147-BHS<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |



This matter comes before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement,[1] filed September 14, 2017 ("Final Approval Motion"), and Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards ("Fee Motion"). Plaintiffs and Fidelity and Deposit Company of Maryland ("F&D" or "Settling Defendant") entered into a Class Action Settlement Agreement and Release, dated April 20, 2017 ("the Settlement Agreement" or "the Settlement"), to settle the above-captioned lawsuit, as well as the actions captioned *Rajagopalan, et al. v. Fidelity and Deposit Co. of Maryland*, No. 3:16-cv-05739-BHS (W.D. Wash., Filed August 31, 2016), and *Cheeks v. Fidelity and Deposit Company of Maryland and Platte River Ins. Co., as sureties for Meracord LLC*, No. 4:13-cv-01854-DMR (N.D. Cal., Filed April 23, 2013) (collectively, the "Lawsuits"). The Settlement Agreement sets forth the terms and conditions for a proposed Settlement and dismissal with prejudice of F&D from the Lawsuits.

The Court has carefully considered the Final Approval Motion, Fee Motion, and the associated Declarations; the Settlement Agreement; the objections thereto by Helen Donovan and Audrey Garduno; the arguments of counsel; and the record in this case, and is otherwise advised in the premises. IT IS HEREBY ORDERED AND ADJUDGED:

1. The Court hereby gives its final approval to the Settlement, finding that the Settlement is sufficiently fair, reasonable, and adequate; and that adequate notice was given to Settlement Class Members in accordance with the Settlement Agreement and the Court's Order preliminarily approving the Settlement. The Settlement Agreement is hereby incorporated by reference in this Order, and all terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement.

---

[1] Adam Ward, Alex Casiano, Amrish Rajagopalan, Amy Joyce, Andrea Topps, Angela Ross, Arthur Fuller, Audrie Lawrence (Poole), Ben Parker, Beth Jungen, Bill Kruse, Brandon Ashby, Carmen Alfonso, Cheryl Anderson, Cynthia Oxendine, Dan Weddle, Dawn Meade, Deborah Horton, Debra Finazzo, Debra Miller, December Guzzo, Donald Bogan, Donte Cheeks, Erica Chase, Erma Sue Clyatt, George Lawrence, Ishula McConnell, Joyce Drummond, Karen Hea, Kelly Enders, Kevin Deloach, Marie Johnson-Peredo, Martin Anderson, Richard Pierce, Robert Hewson, Robert Joyce, Russel Tanner, Scott Snoek, Sharron Black, Stephen Younkins, Stillman Parker, Sylvia Hadcock, Tamara Cooper, Tanya Gwathney, Thomas Ludwick, Tina Roberts-Ashby, Valerie Newsome, and Wahab Ekunsumi, are collectively referred to as "Plaintiffs."

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 1
Case No. 3:16-cv-05147-BHS

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court approves the Settlement set forth in the Settlement Agreement, and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and in the best interests of, the Plaintiffs, the Settlement Class, and each of the Settlement Class Members, and is consistent and in compliance with all requirements of due process and federal law. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Settlement Class Members, and the Settling Defendant. The Court further finds that the Parties have evidenced full compliance with the Court's Preliminary Approval Order. The Settlement shall be consummated pursuant to the terms of the Settlement Agreement, which the parties are hereby directed to perform.

3. This Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve the Settlement Agreement.

4. The Court confirms its previous certification of the following Settlement Class, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All persons who had an account at Meracord from which Meracord deducted any fees related to debt settlement services (including mortgage assistance relief services) and who, while residing in a Settlement State, made payments to such account within the State Settlement Period of their state of residence.[2]

Excluded from the Class are the Released Parties, Platte River, and Meracord, as well as their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any Released Parties, Platte River, or Meracord has or had a controlling interest.

5. The Court finds that (a) Members of the Settlement Class are so numerous as to make joinder of all Settlement Class Members impracticable; (b) there are questions of law or fact common to Members of the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class Members; (d) Plaintiffs and Class Counsel will fairly and

---

[2] The Settlement States and Settlement Periods are those listed in Appendix A to the Settlement Agreement.

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 2
Case No. 3:16-cv-05147-BHS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1 adequately protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. <u>Class Notice</u>. The Court finds that the notice program, previously approved by the Court in its Preliminary Approval Order, has been implemented and complies with Fed. R. Civ. P. 23. The Court finds that the Class Notice plan as performed by the Administrator and Class Counsel—including the form, content, and method of dissemination of the Class Notice to Settlement Class Members as described in the Settlement Agreement—(1) is the best practicable notice; (2) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuits and of their right to object to and/or exclude themselves from the proposed Settlement; (3) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meets all applicable requirements of Federal Rule of Civil Procedure 23 and due process. The Court further finds that the procedures followed by the Administrator for identifying current addresses and email addresses for potential Settlement Class Members constituted an appropriate and sufficient effort to locate potential Settlement Class Members for notice purposes. The Administrator successfully delivered direct notice to 97% of the Settlement Class—well within the range of a reasonable "reach rate."

7. Rule 23 requires that class notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). The Court

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 3
Case No. 3:16-cv-05147-BHS



HAGENS BERMAN
1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

finds that the Long-Form Notice, previously approved by the Court, contained detailed information regarding the Settlement meeting those requirements.

8. <u>Plan of Allocation</u>. The Court finds that the Plan of Allocation as set forth in the Settlement Agreement is fair, reasonable, and adequate. The Plan of Allocation provides monetary recovery to Settlement Class Members on a *pro rata* basis in proportion to the Total Unreturned Fees paid from each Settlement Class Member's Meracord account. *See In re Oracle Secs. Litig.*, 1994 WL 502054, at *1 (N.D. Cal. June 18, 1994) ("A plan of allocation that reimburses class members based on the extent of their injuries is generally reasonable."). The Court also notes that there is no reversion to F&D of the Settlement Fund, maximizing the amount of payments to Settlement Class Members. Accordingly, the Plan of Allocation is approved.

9. <u>Exclusions</u>. The Court has reviewed Exhibit D to the Declaration of Robert C. Jindra, and determines that it contains the complete list of all Persons who have submitted timely and untimely requests for exclusion from the Settlement Class under the procedures set forth in the Settlement Agreement and the Long-Form Notice and previously approved by the Court. The Court rules that all Persons who requested exclusion shall be excluded from the Settlement Class. **Exhibit 1** to this Order is the complete list of all Persons who are excluded from the Settlement Class, and who therefore shall neither share in nor be bound by this Order.

10. <u>Objection</u>. The Court has also reviewed the two objections to the Settlement filed by Helen Donovan and Audrey Garduno, and overrules the objections, finding them without merit for the reasons set forth in the Motion for Final Approval and in open court.

11. <u>Incentive Awards</u>. The Court confirms its previous appointment of the Plaintiffs as representatives of the Settlement Class, and approves, pursuant to the Settlement Agreement, Incentive Awards of $500 each for the following Plaintiffs, who are either *Surety II* Representatives, or *Meracord Class* Representatives who previously received an incentive award from the Platte River Settlement: Amrish Rajagopalan, Amy Joyce, Andrea Topps, Audrie Lawrence (Poole), Beth Jungen, Carmen Alfonso, Cheryl Anderson, Cynthia Oxendine, Dan

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 4
Case No. 3:16-cv-05147-BHS



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Weddle, Deborah Horton, Donald Bogan, Donte Cheeks, Erica Chase (Moniz), Erma Sue Clyatt, Kevin Deloach, Robert Joyce, Russel Tanner, Sylvia Hadcock, Tamara Cooper, and Traci McCormick. The Court further approves, pursuant to the Settlement Agreement, Incentive Awards of $1,000 each for the following Plaintiffs, who are *Meracord Class* Representatives who did not previously receive an incentive award from the Platte River Settlement: Alex Casiano, Arthur Fuller, Dawn Meade, Karen Hea, Marie Johnson-Peredo, Richard Pierce, Robert Hewson, and Wahab Ekunsumi.

12. Attorneys' Fees. The Court confirms its previous appointment of Hagens Berman Sobol Shapiro LLP and The Paynter Law Firm PLLC as Class Counsel, and finds that Class Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement. The Court hereby awards to Class Counsel (a) attorneys' fees in the amount of $2,917,899.41 (representing 29.5% of the Settlement Fund); and (b) reimbursement of expenses in the amount of $150,000. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and finds as follows.

13. This Court has discretion to award fees either as a percentage of the common fund established or pursuant to the lodestar method. *Powers v. Eichen,* 229 F.3d 1249, 1256 (9th Cir. 2000). Under either approach, the focus should be on whether the "end result is reasonable." *Id.* The Court finds that under both methods the requested fees are reasonable.

14. The Court finds that 29.5% of the recovery obtained is within the usual range of awards in the Ninth Circuit in common fund cases, and the award of attorneys' fees is fair and reasonable under the percentage-of-the-recovery method based on the following factors:

(a) The results obtained by counsel in this case. *See Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 1303 (W.D. Wash. 2001), *aff'd*, 290 F.3d 1043 (9th Cir. 2002). Class Counsel litigated for over three and a half years against Meracord to establish its underlying liability for the wrongful conduct that formed the basis of the original complaint, and after Meracord itself was insolvent, Class Counsel continued to

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 5
Case No. 3:16-cv-05147-BHS

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

pursue the most realistic remaining avenue of recovery: the Bonds. The Settlement provides significant relief to Settlement Class Members in the form of nearly 90% of F&D's maximum exposure on the Bonds—an excellent result.

(b) The risks and complex issues involved in this case, which were significant, required a high level of skill and high-quality work to overcome. *See In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008). Class Counsel maintained this litigation for years, despite the risks, and even after Meracord was effectively insolvent, to obtain relief for the Settlement Class. Class Counsel devoted significant time and effort in the prosecution of the initial actions against Meracord and the Sureties, and the success of the Settlement builds on the groundwork laid in those actions.

(c) The attorneys' fees requested were entirely contingent upon success, and counsel risked time and effort and advanced costs with no guarantee of compensation. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994). Class Counsel bore a high degree of risk in bringing and pursuing this action, including the considerable risk of non-payment.

(d) The range of awards made in similar cases justifies an award of 29.5% here, *see In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989).

(e) The Settlement Class Members have been notified of the requested fees and had an opportunity to inform the Court of any concerns they have with the request, and no such concerns were voiced by any Settlement Class Member.

Given these factors, the Court finds that the requested fee award comports with the applicable law and is justified by the circumstances of this case.

15. Alternatively, the Court also finds the fees awarded reasonable using the "lodestar" method. Under this method, the Court first calculates Class Counsel's "lodestar" by multiplying the hours worked by their hourly rate(s). This lodestar may then be adjusted upwards by a



multiplier based on the results obtained and the risk borne by Class Counsel. Here, the declarations submitted by Class Counsel indicate that their lodestar is $2,872,238.81, based on a total of 5,560.76 hours expended in the litigation.[3] The Court need not make a specific finding that the hourly rates of Class Counsel as set out in their supporting declaration are consistent with hourly rates charged by firms and attorneys of comparable skill, experience and reputation because this case could likely have justified a multiplier of 1.5 or more of the lodestar amount that, even with somewhat lower hourly rates, would have resulted in an amount exceeding the requested fee. The Court also finds that the hours devoted to this case were reasonable given the complexity of the legal issues involved, which were addressed in extensive briefing before both this Court and the Ninth Circuit, as well as the extensiveness of both discovery and settlement negotiations. Class Counsel's requested fees under both settlements represent a negligible multiplier of 1.02, which the Court finds appropriate given the recovery Class Counsel have achieved for Settlement Class Members, as well as the risks faced by Class Counsel, as explained above.

16. In light of the above, the Court finds the requested fees reasonable and that an award of $2,917,899.41 for this Settlement is appropriate under both the lodestar and common fund approaches.

17. <u>Expenses.</u> The Court also awards reimbursement of reasonable costs and expenses in the amount of $150,000. The Court finds that these amounts were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature and nationwide scope of the case, and that the total costs and expenses granted are allowable under the Settlement.

18. <u>Administration Costs</u>. The Court confirms its previous appointment of Garden City Group, LLC ("GCG") as the Administrator, and finds that the Administrator has so far fulfilled

---

[3] The Court approves as appropriate and reasonable Class Counsel's method of attributing time spent on the overall litigation to this particular Settlement, as outlined in Section II(A)(2)(a) of the Fee Motion.

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 7
Case No. 3:16-cv-05147-BHS



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

its duties under the Settlement. The Court orders that, by agreement between Class Counsel and the Administrator, a total of $236,811.25 be paid from the Settlement Fund to the Administrator for past and future unreimbursed expenses relating to notice and administration of the Settlement. This amount is in addition to the $107,188.75 already received by the Administrator for the fulfillment of its duties.

19. <u>Release of F&D.</u> As of the Effective Date, the Plaintiffs and all other Settlement Class Members (other than those listed in **Exhibit 1** hereto), and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the Settlement, have conclusively compromised, settled, discharged, and released all Released Claims against F&D and the Released Parties, and are bound by the provisions of the Settlement, as further provided by the Agreement.

20. <u>Remsberg Release.</u> As of the Effective Date, Plaintiffs and all other Settlement Class Members (other than those listed in **Exhibit 1** hereto), and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the Settlement, have conclusively compromised, settled, discharged, and released any and all claims related to payment processing, debt settlement, escrow services, mortgage assistance relief services, or any other form of debt relief that Class members may possess at present or in the future against Linda and/or Charles Remsberg ("the Remsbergs"), whether arising from or related to the Remsbergs' individual capacities, as members of Meracord, or as agents, officers, or directors of Meracord, including the Remsbergs' agents and attorneys, whether such claims arise in tort, contract, or equity, or relate to or are based on any federal or state statute, or derivative of the rights of any other persons or entity, including any and all claims asserted or that could be asserted in the Meracord

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 8
Case No. 3:16-cv-05147-BHS


HAGENS BERMAN
1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Action. For clarity, nothing in this provision shall be construed to release Meracord or any third-party company or individual, other than the Remsbergs, engaged in payment processing, debt settlement, escrow services, mortgage assistance relief services, or any other form of debt relief.

21. The Court permanently bars and enjoins all Settlement Class Members (other than those listed in **Exhibit 1**) (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims, including specifically *Cheeks v. Fidelity and Deposit Company of Maryland and Platte River Ins. Co., as sureties for Meracord LLC*, No. 4:13-cv-01854-DMR (N.D. Cal., Filed April 23, 2013); and (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members, based on the Released Claims.

22. The above-captioned action, and all individual and class claims contained therein, including all of the Released Claims, are dismissed with prejudice and on the merits as to the Plaintiffs and all other Settlement Class Members (other than those listed in **Exhibit 1** hereto), and as against each and all of the Released Parties, without fees or costs except as provided in the Settlement Agreement.

23. The action captioned *Rajagopalan, et al. v. Fidelity and Deposit Co. of Maryland,* No. 3:16-cv-05739-BHS (W.D. Wash., Filed August 31, 2016) is dismissed with prejudice pursuant to the Court's April 26, 2017 Order in that action granting the parties' Stipulated Motion to Stay Proceeding and Request for Voluntary Dismissal Pending Class Settlement Approval.

24. Without further approval from the Court, the Parties are authorized to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement, including all Exhibits thereto, as (i) shall be consistent in all material respects with this Order and Final Judgment and (ii) do not limit the rights of Settlement Class Members.



HAGENS BERMAN
1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

25. The Court finds, under Fed. R. Civ. P. 54(b), that there is no just reason for delay in entering final judgment, and directs that this Order and Final Judgment shall be final and entered forthwith.

26. Without affecting the finality of this Order and Final Judgment, the Court reserves jurisdiction over the Plaintiffs, the Settlement Class, and F&D as to all matters concerning the administration, consummation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Dated: October 10, 2017

BENJAMIN H. SETTLE
United States District Judge

Presented By:

HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ Steve W. Berman
    /s/ Thomas E. Loeser
Steve W. Berman, WSBA #12536
Thomas E. Loeser, WSBA # 38701
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
steve@hbsslaw.com
toml@hbsslaw.com

THE PAYNTER LAW FIRM PLLC
Stuart M. Paynter (*pro hac vice*)
1200 G Street N.W., Suite 800
Washington, DC 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@paynterlawfirm.com

Celeste H.G. Boyd (*pro hac vice*)
106 Churton St., Suite 200
Hillsborough, NC 27278
Telephone: (919) 307-9991
Facsimile: (866) 734-0622
cboyd@paynterlawfirm.com
*Attorneys for Plaintiffs*

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 10
Case No. 3:16-cv-05147-BHS

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

# EXHIBIT 1

**Persons Excluded from Settlement Class**

| Name | City | State |
|---|---|---|
| ALETHA MITCHELL | NEDERLAND | TX |
| GERTRUDE TRUE/ROBERT TRUE | UTICA | NY |
| HAZEL FOUST/WAYNE FOUST | INDIANAPOLIS | IN |
| JANELLE CLEMENTE | MADISON | WI |
| JOAN DUNN | MILWAUKEE | WI |
| LINDA CLAIRAIN | COVINGTON | LA |
| MARTA SALINAS | EL PASO | TX |
| MARY LOU TREJO | ARCHBOLD | OH |
| OTTIS FLEMING | LORETTO | TN |
| PEGGY STEVENS | SPRINGDALE | AR |
| VERDINE JONES | HAMMOND | IN |
| GREGORY CROSS | OWOSSO | MI |



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594